UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HAKEEM JOHNSON,

        *Plaintiff*,

      v.

H. QUAY, H. TELLEZ, E. SANTIAGO,

        *Defendants*.

----------------------------------X

**MEMORANDUM & ORDER**

20-CV-6345 (KAM) (LB)

**KIYO A. MATSUMOTO, United States District Judge:**

      On December 21, 2020, Plaintiff Hakeem Johnson, currently incarcerated at Federal Correctional Institution ("FCI") Allenwood filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (*See* ECF No. 1, Complaint ("Compl.").) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2.) For the reasons discussed below, Plaintiff's claims against Warden H. Quay and Warden H. Tellez are dismissed. Plaintiff's claims against Correction Officer E. Santiago may proceed.

## Background

      The following alleged facts are drawn from Plaintiff's complaint, and are assumed to be true for purposes of this Memorandum and Order. Plaintiff's claims relate to events that allegedly occurred on September 11, 2019, while Plaintiff was being held at the Metropolitan Detention Center ("MDC") in

Brooklyn, New York.  Plaintiff alleges that he was the victim of

an unprovoked attack by another inmate, who struck and cut him

on his face and neck, causing injuries.  (Compl. at 3.)

Plaintiff asserts that Correction Officer E. Santiago "witnessed

the brutal attack but did not aid him," and failed to protect

him.  (*Id.* at 4.)  Plaintiff alleges that in doing so, Officer

Santiago violated his Eighth Amendment rights under the United

States Constitution, by failing to protect him.  (*Id.*)

Plaintiff seeks a jury trial and monetary damages.  (*Id.* at 5.)

### Standard of Review

A complaint must plead "enough facts to state a claim

to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when

the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for

the misconduct alleged."  *Matson v. Bd. of Educ. of the City*

*Sch. Dist. Of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all

allegations contained in the complaint are assumed to be true,

this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556

U.S. at 678.  In reviewing a *pro se* complaint, the court must be

mindful that a plaintiff's pleadings must be held " 'to less

stringent standards than formal pleadings drafted by lawyers.' "

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting

2

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (2020).  Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A.

## Discussion

### I.   Plaintiff's *Bivens* Claim

As Plaintiff alleges that his rights were violated by persons acting under color of federal law at a federal detention facility, the Court liberally construes Plaintiff's complaint as being brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Tyler v. Dunne*, No. 16-cv-2980 (RRM) (LB), 2016 WL 4186971, at *2 (E.D.N.Y. Aug. 8, 2016) (construing *pro se* plaintiff's § 1983

3

claims against federal actors as *Bivens* claims); *see also*

*Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014)

(holding that district court properly construed § 1983 claims

brought against federal employee as arising under *Bivens*).

In *Bivens*, the Supreme Court recognized an implied, private

cause of action for damages against federal officers who violate

a citizen's constitutional rights.  *See Bivens*, 403 U.S. at 391–

95.  *Bivens* actions, although not completely parallel, are

considered to be "the federal analog" to § 1983 actions against

state officials.  *Hartman v. Moore*, 547 U.S. 250, 254 n.2

(2006); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir.

1995) ("federal courts typically analogize claims under § 1983

with *Bivens* actions").

## II.  Claims against Wardens H. Quay and H. Tellez

Plaintiff's claims against the Warden of FCI Allenwood

H. Quay and the Warden of the MDC H. Tellez are insufficient to

proceed.  "An individual cannot be held liable for damages under

[Bivens] 'merely because he held a high position of authority,'

but can be held liable if he was personally involved in the

alleged deprivation."  *See Back v. Hastings on Hudson Union Free

Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v.

Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).

"[W]here a plaintiff names a defendant in the caption,

but the complaint contains no substantive allegations against

4

the defendant, dismissal of the complaint as to that defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-cv-512, 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citations omitted); *see also Askew v. Lindsey*, No. 15-cv-7496, 2016 WL 4992641, at *7 (S.D.N.Y. Sept. 16, 2016) (same).

Furthermore, to state a claim under *Bivens* against an individual federal officer or employee, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006); *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) ("[A] plaintiff in a *Bivens* action is required to allege facts ... that the defendants were personally involved in the claimed constitutional violation."). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

"[L]iability for supervisory government officials cannot be premised on a theory of respondeat superior because § 1983 requires individual, personalized liability on the part of each government defendant." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). In other words, an "individual cannot be held liable for damages under Section 1983 or *Bivens* 'merely because he held a high position of authority.'" *Back*, 365 F.3d at 127 (2d Cir. 2004) (quoting *Coughlin*, 76 F.3d at 74). The Second Circuit has also recently held that "there is no special

rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).  Thus, the plaintiff must establish the violation against the supervisory official directly."  *Id.* at 612.

Here, Plaintiff names the Warden of FCI Allenwood H. Quay and the Warden of the MDC H. Tellez as Defendants in the caption of the complaint and in the list of Defendants in the body of the complaint.  (*See* Compl. at 1-2.)  Nevertheless, Plaintiff fails to set forth any factual allegations against either Wardens Quay or Tellez, and fails to submit any evidence alleging that either Warden was personally involved in the events or actions that occurred at the MDC on September 11, 2019.  Accordingly, because Plaintiff fails to allege any personal involvement by Wardens Quay or Tellez, Plaintiff's claims against them fail as a matter of law, and are dismissed. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order) (concluding that plaintiff's claims against defendant failed as a matter of law because plaintiff failed to allege "sufficient personal involvement" by defendant).

### III. Plaintiff's Claims against Correction Officer E. Santiago

Construed liberally, Plaintiff's complaint may state a claim Correction Officer E. Santiago.  Plaintiff asserts claims

6

against Officer Santiago because he "witnessed the brutal attack but did not aid him," and failed to protect him.  (Compl. at 4.) Plaintiff alleges that Officer Santiago was "afraid to intervene" and committed an Eighth Amendment violation by failing to protect Plaintiff.  (*Id.*)  Here, Plaintiff asserts factual claims against Officer Santiago.  Thus, Plaintiff has sufficiently alleged that Officer Santiago was personally involved in the incident to support a plausible Eighth Amendment claim at this time.  *See Thomas v. Ashkroft*, 470 F.3d 491, 496-97 (2d Cir. 2006) (reversing the district court's dismissal of *Bivens* claims because plaintiff sufficiently alleged that defendants were personally involved in the incident).  For these reasons, Plaintiff's claims against Officer Santiago may proceed.

<u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's claims against Warden H. Quay and Warden H. Tellez are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); 1915A(b).  No summons shall issue as to these Defendants and the Clerk of Court is respectfully directed to amend the caption to reflect the dismissal of these Defendants.

Plaintiff's claims against Correction Officer E. Santiago may proceed.  The Clerk of Court is directed to issue a summons and the United States Marshal Service shall serve the

summons, the complaint, and this Order upon Officer Santiago without prepayment of fees.  The Clerk of Court shall send a copy of this Order to Plaintiff and to the United States Attorney's Office for the Eastern District of New York and note service on the docket.

The action is referred to Magistrate Judge Lois Bloom for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York


Dated:     Brooklyn, New York
           March 18, 2021