```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

HAKEEM JOHNSON,
                                              MEMORANDUM & ORDER
                    Plaintiff,               20-CV-6345 (KAM) (LB)

         - against -

OFFICER EZEQUIEL SANTIAGO,

                    Defendant.

------------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

       Plaintiff Hakeem Johnson, proceeding *pro se*, brings this action against Defendant Ezequiel Santiago pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Currently before the court is Defendant's unopposed motion to dismiss or, in the alternative, for summary judgment. (ECF No. 20.) For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

       Plaintiff alleges that on September 11, 2019, he was the victim of an unprovoked attack by a fellow inmate at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 1 ("Compl.") at 3-4.)[1] Specifically, Plaintiff alleges that he was sitting at the MDC's computer station when a fellow inmate

---

[1] All pin citations refer to the page number assigned by the court's CM/ECF system.

struck him in the face and neck with a sharp object. (*Id.*) Plaintiff claims that Officer Ezequiel Santiago "witnessed the brutal attack" but did not intervene to protect him. (*Id.* at 4.) On December 3, 2019, the Bureau of Prisons ("BOP") denied Plaintiff's request for an administrative remedy. (ECF No. 20-1 ("Def.'s 56.1") ¶ 5.) Plaintiff did not appeal the BOP's denial. (*Id.* ¶ 6.)

Plaintiff commenced this action on December 21, 2020, asserting violations of his Eighth Amendment rights by Officer Santiago, Warden "H. Quay," and Warden "H. Tellez." (Compl. at 1-3.) On March 18, 2021, the court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 5.) The court construed Plaintiff's claims as being brought under *Bivens* rather than 42 U.S.C. § 1983, because Plaintiff named federal, not state, actors, as defendants, and dismissed the claims against the Warden Defendants because Plaintiff failed to allege that they had any involvement in the September 11, 2019 incident. (*Id.* at 3-6.) The court found that, "[c]onstrued liberally, Plaintiff's complaint may state a claim" for an Eighth Amendment violation under *Bivens* against Officer Santiago. (*Id.* at 6-7.)

On May 28, 2021, the court granted Defendant's pre-motion conference request for the instant motion to dismiss or, in the alternative, for summary judgment. (5/28/21 Minute Order.) The court noted that it "had difficulty locating [Plaintiff]

2

because he [was] no longer at the address" provided in the complaint. (*Id.*) Although the court independently obtained Plaintiff's new address, the court reminded Plaintiff "that he is obligated to notify the court when he changes his address of record." (*Id.*) At the pre-motion conference on June 16, 2021, the court set a briefing schedule for Defendant's motion and again "reminded [Plaintiff] to advise the court if he changes his address." (6/16/21 Minute Entry.)

As ordered, Defendant served his motion on Plaintiff on August 16, 2021 and provided Plaintiff with the notices required by Local Civil Rules 12.1 and 56.2 of the Eastern and Southern Districts of New York. (ECF Nos. 14, 23-24.) Plaintiff's opposition was due by October 18, 2021. (6/16/21 Minute Entry.) On October 22 and November 9, 2021, Defendant served and filed letters reporting that Plaintiff failed to serve his opposition as ordered and requesting that the court deem the motion unopposed. (ECF Nos. 15-16.) On November 9, 2021, the court granted Plaintiff "a final extension" to serve his opposition by November 23, 2021. (11/9/21 Minute Order.) Although Defendant served Plaintiff with a copy of the court's November 9, 2021 order (ECF No. 17), Plaintiff failed to serve any opposition to Defendant's motion. (*See* ECF No. 18.) Accordingly, on December 1, 2021, the court granted Defendant's request to deem the motion unopposed. (12/1/21 Minute Order.)

## **LEGAL STANDARD**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[a] pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations and citation omitted). Even where, as here, a motion to dismiss is unopposed, the "sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law." *James v. John Jay Coll. of Crim. Justice*, 776 F. App'x 723, 724 (2d Cir. 2019) (quoting *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010)).

In the alternative, summary judgment shall be granted to a movant who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where, as here, a motion for summary judgment is unopposed, "summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence." *Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 10 (2d Cir. 2019) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## DISCUSSION

I. **Motion to Dismiss: *Bivens***

Defendant moves to dismiss on the ground that the complaint fails to state a cognizable *Bivens* claim. (ECF No. 22 ("Def.'s Mem.") at 10-14.) In *Bivens*, the Supreme Court implied a cause of action for damages under the Fourth Amendment against federal agents who allegedly effectuated an unlawful search and arrest. 403 U.S. at 395-96. The Court subsequently extended

5

*Bivens* in two cases. *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). First, in *Davis v. Passman*, the Court extended *Bivens* to a former congressional staffer's claim under the Fifth Amendment that she was unlawfully discharged based on her sex. 442 U.S. 228, 229-30 (1979). Second, as relevant here, in *Carlson v. Green* the Court extended *Bivens* to a prisoner's claim under the Eighth Amendment that prison officials were deliberately indifferent to his serious medical needs. 446 U.S. 14, 16-17 & n.1 (1980).

"*Bivens*, *Davis*, and *Carlson* were the products of an era when the Court routinely inferred 'causes of action' that were 'not explicit' in the text of the provision that was allegedly violated." *Hernandez*, 140 S. Ct. at 741 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017)). In the decades since those decisions, however, the Supreme Court has come "to appreciate more fully the tension between this practice [of inferring causes of action] and the Constitution's separation of legislative and judicial power." *Id.* at 741; *see also Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022) ("At bottom, creating a cause of action is a legislative endeavor."). In light of this "notable change in the Court's approach to recognizing implied causes of action," the Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Indeed, over the course of more than four decades, the Supreme Court has

6

repeatedly declined to extend the *Bivens* remedy. *See Boule*, 142 S. Ct. at 1799-1800 (collecting cases). The Court has gone so far as to suggest that if "called to decide *Bivens* today, [the Court] would decline to discover *any* implied causes of action in the Constitution." *Id.* at 1809 (emphasis added) (citing *Abbasi*, 137 S. Ct. at 1855).

To analyze Plaintiff's *Bivens* claim, the court engages in a two-step inquiry. *See id.* at 1803. First, the court asks whether Plaintiff's *Bivens* claim arises in a new context, *i.e.*, whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Abbasi*, 137 S. Ct. at 1859; *see id.* at 1864 ("[E]ven a modest extension is still an extension."); *Hernandez*, 140 S. Ct. at 743 ("[The Supreme Court's] understanding of a 'new context' is broad."). Second, if the case arises in a new context, "a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857 (quotations and citation omitted). These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Boule*, 142 S. Ct. at 1803.

Applying this two-step inquiry, a *Bivens* remedy is not available for Plaintiff's Eighth Amendment claim against Officer Santiago. First, Plaintiff's claim arises in a new context because

7

it is "meaningfully different" from the claim at issue in *Carlson*. *Abbasi*, 137 S. Ct. at 1859. *Carlson* concerned a prison official's deliberate indifference to an inmate's underlying medical condition, namely, chronic asthma. 446 U.S. at 16 n.1. Plaintiff, by contrast, alleges that Officer Santiago failed to intervene and protect him from a spontaneous attack by a fellow inmate with a sharp object. (Compl. at 3-4.) As courts in this circuit have recognized, "a claim for failure to protect based on the allegation that [Defendant] was present during the attack on Plaintiff but did not help Plaintiff or intervene" presents a new *Bivens* context. *Cannenier v. Skipper-Scott*, 2019 WL 764795, at *5 (S.D.N.Y. Feb. 20, 2019); *see also Herrera v. United States*, 2022 WL 902090, at *8 (S.D.N.Y. Mar. 27, 2022) ("While each is equally unacceptable in a civilized society, failure to provide adequate medical care to inmates is a substantively different context from BOP employees' failure to protect inmates . . . .").

The court appreciates that the Supreme Court once decided a case involving an Eighth Amendment deliberate indifference claim under *Bivens*, based on a prison official's failure to protect against inmate-on-inmate violence. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Relying on *Farmer*, some courts have concluded that "a failure-to-protect claim does not present a new context" under *Bivens*. *Bistrian v. Levi*, 912 F.3d 79, 92 (3d Cir. 2018); *see also, e.g., Attkisson v. Holder*, 925 F.3d 606,

8

621 n.6 (4th Cir. 2019) (noting that "[t]he Supreme Court may have recognized a fourth *Bivens* context in *Farmer*," but declining to reach the question). In recent cases, however, the Supreme Court has "identified three *Bivens* contexts and [has] not address[ed], or otherwise cite[d] to, *Farmer*." *Bistrian*, 912 F.3d at 91; *see Abbasi*, 137 S. Ct. at 1855 ("These three cases – *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Hernandez*, 140 S. Ct. at 741 ("The Court subsequently extended *Bivens* to cover two additional constitutional claims [in *Davis* and *Carlson*] . . . ."); *Boule*, 142 S. Ct. at 1802 ("Since [*Bivens*, *Davis*, and *Carlson*], the Court has not implied additional causes of action under the Constitution."); *see also Doe v. Hagenback*, 870 F.3d 36, 43 & n.4 (2d Cir. 2017) ("[T]he Supreme Court has extended [*Bivens*'s] reach only twice," in *Davis* and *Carlson*).

The Supreme Court's omission of *Farmer* from the list of recognized *Bivens* contexts is unsurprising because *Farmer* did not address the question of whether a *Bivens* remedy should be implied under the Constitution. Instead, *Farmer* merely "define[d] the term 'deliberate indifference'" for purposes of an Eighth Amendment claim. 511 U.S. at 829. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as

9

to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)); *see also, e.g.*, *Lopez v. Monterey County*, 525 U.S. 266, 281 (1999) ("[T]his Court is not bound by its prior assumptions."). Given the Supreme Court's repeated pronouncements that *Bivens*, *Davis*, and *Carlson* represent the only three recognized *Bivens* contexts, the court does not consider *Farmer* to constitute a fourth context for purposes of assessing Plaintiff's *Bivens* claim. *See, e.g.*, *Herrera*, 2022 WL 902090, at *8 ("[T]he Supreme Court itself has not treated *Farmer* as a case that extended a *Bivens* remedy to a new context."); *Crespo v. Hurwitz*, 2020 WL 7249591, at *9 (E.D.N.Y. May 17, 2020) (holding that "*Carlson* is the only case in which the Supreme Court held that the Eighth Amendment may form the basis of a *Bivens* claim," and noting that *Farmer* did not "hold – or even discuss – whether [the Eighth Amendment's] protections can form the basis of a *Bivens* claim"), *report and recommendation adopted*, 2020 WL 7021658 (E.D.N.Y. Nov. 30, 2020). Accordingly, Plaintiff's claim presents a new *Bivens* context because it is meaningfully different than the claim at issue in *Carlson*. *See, e.g.*, *Cannenier*, 2019 WL 764795, at *5.

Having concluded that Plaintiff's claim presents a new context, the court turns to the question of whether any "special factors counsel[] hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857 (quoting *Carlson*, 446

10

U.S. at 18). Although the Supreme Court has "not attempted to create an exhaustive list of factors that may provide a reason not to extend *Bivens*," the Court has explained that "separation-of-powers principles" are "central" to the analysis. *Hernandez*, 140 S. Ct. at 743 (quotations and citation omitted). In short, "the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" *Boule*, 142 S. Ct. at 1803 (quoting *Hernandez*, 140 S. Ct. at 750). "If there is a rational reason to think that the answer is Congress – as it will be in most every case – no *Bivens* action may lie." *Id.* (quotations and citation omitted). For example, "[i]f there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.* at 1804 (quoting *Abbasi*, 137 S. Ct. at 1858).

At least three special factors counsel hesitation in this case. First, the administrative remedies available to Plaintiff under the Prison Litigation Reform Act ("PLRA"), discussed below, constitute a "special factor that counsels against recognizing a *Bivens* claim here." *Crespo*, 2020 WL 7021658, at *6; *see also, e.g.*, *Ojo v. United States*, 364 F. Supp. 3d 163, 176 n.9 (E.D.N.Y. 2019) (noting that the Supreme Court in *Abbasi* "suggested that Congress's passage of the [PLRA] in 1995 is an additional factor cautioning against the court's implication of a

11

damages remedy"). Specifically, "[t]he PLRA 'does not provide for a standalone damages remedy,' suggesting that Congress 'chose not to extend' the *Carlson* [damages] remedy 'to cases involving other types of prisoner mistreatment,'" such as the alleged inmate-on-inmate violence at issue here. *Abdoulaye v. Cimaglia*, 2018 WL 1890488, at *7 (S.D.N.Y. Mar. 30, 2018) (quoting *Abbasi*, 137 S. Ct. at 1865); *see also Boule*, 142 S. Ct. at 1804 (explaining that existing remedies need not "provide complete relief" (citation omitted)).

Second, the court agrees with the "many cases" that have concluded – following the Supreme Court's decision in *Abbasi* – that the remedies provided by the Federal Tort Claims Act ("FTCA") constitute "a special factor counseling hesitation in extending *Bivens*." *Edwards v. Gizzi*, 2022 WL 309393, at *8-9 (S.D.N.Y. Feb. 2, 2022) (collecting cases); *see, e.g.*, *Mendoza v. Edge*, 2022 WL 3097377, at *4 (E.D.N.Y. July 13, 2022) ("The plaintiff has an alternative process for seeking relief – the FTCA."); *Turkmen v. Ashcroft*, 2021 WL 4099495, at *6 (E.D.N.Y. Sept. 9, 2021) (finding that "the FTCA is an available alternative remedy to preclude a *Bivens* remedy"); *see also, e.g.*, *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (holding that the FTCA constituted a special factor precluding a *Bivens* claim).[2] To be sure, in *Carlson*, the Supreme

---

[2] In fact, Plaintiff filed an administrative claim under the FTCA, which was denied by BOP on October 22, 2020. (Compl. at 7.) Plaintiff did not raise an FTCA claim in his complaint, however, and the court's March 18, 2021 memorandum

12

Court concluded that the existence of the FTCA did not preclude a *Bivens* remedy.  446 U.S. at 23.  Relying on *Carlson*, some courts in this circuit have continued to find that the FTCA "'standing on its own' does not provide a sufficient alternative remedy and thus 'does not give the Court reason to hesitate in extending *Bivens*.'" *Scott v. Quay*, 2020 WL 8611292, at *8 (E.D.N.Y. Nov. 16, 2020) (quoting *Powell v. United States*, 2020 WL 5126392, at *10 (S.D.N.Y. Aug. 31, 2020)), *report and recommendation adopted*, Minute Order (E.D.N.Y. Mar. 22, 2021).  This court, however, agrees with the many others in this circuit that have concluded "that *Carlson*'s analysis of adequate alternative remedies cannot survive *Abbasi*." *Id.* (collecting cases).

In *Carlson*, the Supreme Court reasoned that a *Bivens* claim is precluded only when "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." 446 U.S. at 18-19.  In recent cases, however, the Supreme Court has taken "a far broader view of those alternative remedies that foreclose assertion of a claim under *Bivens*." *Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018), *report and recommendation adopted*, 2021 WL 4099495 (E.D.N.Y. Sept. 9, 2021).

---

and order did not construe the complaint to raise an FTCA claim.  (*See* ECF No. 5 at 6-7 (construing the complaint to raise an Eighth Amendment claim against Officer Santiago under *Bivens*); Compl. at 4 (alleging that Plaintiff's "first thought was [that] this was a case of negligence," but that Plaintiff later discovered a "cover up support[ing] a case of deliberate indifference").)

13

In *Abbasi*, for example, the Court explained that "if Congress has created *any* alternative, existing process for protecting the injured party's interest[,] that itself may amount to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." 137 S. Ct. at 1858 (emphasis added; quotations and citation omitted). And in *Boule*, the Court reiterated that "[i]f there are alternative remedial structures in place, that alone . . . is reason enough" not to extend *Bivens*, even if those "existing remedies do not provide complete relief." 142 S. Ct. at 1804 (quotations and citations omitted); *see also Hernandez*, 140 S. Ct. at 748 & n.9 (explaining that the FTCA is "the exclusive remedy for most claims against Government employees arising out of their official conduct," and that the passage of the FTCA "simply left *Bivens* where it found it" (citation omitted)). Accordingly, "[i]n light of the Supreme Court's language" in *Abbasi*, *Hernandez*, and *Boule*, "the Court finds that the FTCA is an alternative remedy" that precludes a *Bivens* claim. *Edwards*, 2022 WL 309393, at *10; *see also, e.g.*, *Oliveras v. Basile*, 440 F. Supp. 3d 365, 373 (S.D.N.Y. 2020) (finding that the FTCA provided an alternative remedy precluding a *Bivens* claim because *Abbasi* "set a far broader standard" than *Carlson* and "[a]ll that is required now is the existence of an alternative remedial structure that could encompass the plaintiff's claim").

14

Third, courts in this circuit have recognized that special factors counsel against recognizing a *Bivens* remedy "in cases involving prison administration." *Schulte v. Bureau of Prisons*, 2022 WL 1468017, at *4 (S.D.N.Y. May 10, 2022). "Allowing individual claims for money damages against prison staff would stray from the Supreme Court's guidance that '[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (alterations original) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Because "it would be inappropriate for the court to imply a remedy for damages in an area that is uniquely within the province and professional expertise of corrections officials," the court finds that the deference owed to prison administrators constitutes a third special factor weighing against recognition of a *Bivens* remedy. *Negron v. United States*, 2020 WL 5634304, at *8 (S.D.N.Y. Sept. 21, 2020) (citation omitted).

In sum, the factual differences between Plaintiff's claim and the claim at issue in *Carlson* – when combined with the alternative remedies available to Plaintiff – give the court "reason to think that Congress might be better equipped to create a damages remedy." *Boule*, 142 S. Ct. at 1803. Accordingly,

15

Defendant's motion to dismiss must be granted because the complaint fails to state a cognizable *Bivens* claim.

**II.   Motion for Summary Judgment: Exhaustion**

Even assuming that Plaintiff presents a cognizable *Bivens* claim, Defendant also moves for summary judgment on the alternative ground that Plaintiff failed to exhaust the administrative remedies available to him under the PLRA. (Def.'s Mem. at 14-16.)  The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Here, it is undisputed that Plaintiff failed to comply with the procedural rules established by BOP regulations and thus, failed to exhaust his administrative remedies under the PLRA.[3]

BOP regulations set forth a four-step process for exhausting administrative remedies.  *See Gonzales v. Hasty*, 651

---

[3] "[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" *Jones v. Cuomo*, 2 F.4th 22, 26 (2d Cir. 2021) (alteration original) (quoting *Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012)).  Here, it is undisputed that Plaintiff was a prisoner at the time he filed the complaint, and thus the PLRA's procedures apply. (*See* Def.'s 56.1 ¶¶ 7-8 (Plaintiff filed complaint on December 21, 2020 and was released from federal custody on January 22, 2021).)

16

F.3d 318, 323 (2d Cir. 2011). First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, an inmate must submit a request for an administrative remedy on a "BP-9" form within twenty days of the incident. *Id.* § 542.14(a). Third, an inmate who is dissatisfied with the Warden's response must submit an appeal on a "BP-10" form to the appropriate Regional Director within twenty days of the Warden's response. *Id.* § 542.15(a). Finally, an inmate who is dissatisfied with the Regional Director's response must submit an appeal on a "BP-11" form to the BOP's General Counsel within thirty days of the Regional Director's response. *Id.*

It is undisputed that Plaintiff did not complete the third and fourth steps set forth in BOP regulations. On December 3, 2019, the Warden denied Plaintiff's request for an administrative remedy at step two of the four-step process. (Def.'s 56.1 ¶ 7.) Plaintiff, however, did not appeal the Warden's denial to the Regional Director or the General Counsel. (*Id.* ¶ 8.) *See, e.g.*, *Batista v. Patterson*, 2021 WL 4429325, at *3 (S.D.N.Y. Sept. 27, 2021) (granting summary judgment for failure to exhaust when the plaintiff failed to properly appeal the Warden's denial of an administrative remedy); *Abdur-Rahman v. Terrell*, 2012 WL 4472119, at *6 (E.D.N.Y. Sept. 25, 2012) (same);

17

*South v. Licon-Vitale*, 2020 WL 3064320, at *2 (D. Conn. June 9, 2020) ("The exhaustion process is not complete until the [BOP's] Central Office responds to the final appeal.").[4] Accordingly, because Plaintiff failed to exercise the appellate rights provided by BOP regulations, summary judgment is warranted for failure to exhaust administrative remedies.[5]

---

[4] "[T]he Supreme Court has recognized three situations in which an administrative remedy is *de facto* unavailable and, thus, exhaustion is not required" under the PLRA. *Saeli v. Chautauqua County*, 36 F.4th 445, 453 (2d Cir. 2022); *see Ross v. Blake*, 578 U.S. 632, 643-44 (2016). "[T]he *plaintiff*," however, "bears the burden of establishing *de facto* unavailability." *Saeli*, 36 F.4th at 453. Here, Plaintiff failed to oppose Defendant's motion and thus has not even attempted to carry his burden of establishing *de facto* unavailability.

[5] In light of the court's conclusions that Plaintiff's claim is not cognizable under *Bivens* and that Plaintiff failed to exhaust his administrative remedies, the court need not reach Defendant's tertiary argument that Defendant would be entitled to qualified immunity at the motion-to-dismiss stage. (Def.'s Mem. at 16-18.)

## CONCLUSION

For the reasons set forth above, Defendant's unopposed motion to dismiss or, in the alternative, for summary judgment is GRANTED. The court certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case. Defendant is directed to serve a copy of this Memorandum and Order and the judgment on Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 24, 2022
        Brooklyn, New York

/s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York